UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                                   Case No. 22-20404

v.                                        Hon. Gershwin A. Drain

GLENN MITCHELL DENNISON,

    Defendant.
_____/

## **THE UNITED STATES' SENTENCING MEMORANDUM**

Over the course of several months from 2021 to 2022, Defendant Glenn Dennison—a registered sex offender for a prior violent rape of an underaged relative—filmed himself forcibly sexually assaulting three prepubescent children who were under his care and control. He didn't just violently abuse them himself; he also forced them to perform sexual acts on each other, which he filmed for his own sexual pleasure. The children's ages ranged from seven to two years old.

During the course of his abuse, Defendant became the monster who preyed upon his young victims in unimaginable ways when they were vulnerable and unprotected. His physical abuse caused their small bodies untold harm, he demolished their sense of safety and security in their

1

home, and he irreparably damaged their relationships with each other and their other caretakers.

Defendant's abuse finally came to an end after he posted child sexual abuse material (CSAM) to others online, leading to a search warrant at his residence and the recovery of the videos he made of the three minor victims. The children were rescued and removed from Defendant's home. Though his victims are miraculously resilient, they will undoubtedly struggle to overcome the deep trauma he inflicted upon them for the rest of their lives. For the reasons stated in this memorandum, the government requests that the Court sentence him to a guidelines sentence of 1920 months' imprisonment. Such a sentence is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

I.  **Factual Background**

In May 2022, The Department of Homeland Security (DHS) received a tip that a user of a website had uploaded multiple files of

CSAM in April 2022.[1] A search of the IP address for that user led to Defendant Glenn Dennison's address in Novi, Michigan. (PSR ¶ 10).

On July 21, 2022, DHS agents executed the search warrant at Defendant's residence. Defendant was present at the time; his significant other and three minor children (aged three, five, and seven) were also present. (PSR ¶ 11). During the search for electronic devices, agents located a black TCL cellphone in a cardboard box in a shed on the residence. That cellphone belonged to Defendant. (*Id.*).

Agents reviewed the black TCL cellphone and located multiple files of CSAM depicting defendant's violent sexual abuse of the three minor children who had been present at his residence during the search warrant. (PSR ¶ 12). Below is a brief description of the contents of the files.

One video depicted Defendant using his penis and fingers to forcibly penetrate the youngest child's vagina when the child was two years old. During the video, the child is wearing a ball gag, is screaming in distress, and attempts to get away from Defendant has he holds her

---

[1] The CSAM that Defendant uploaded to the website does not depict the three minors Defendant abused.

3

down on her stomach while penetrating her. Defendant is wearing a Jason Vorhees hockey mask in the video. (PSR ¶ 12).

One video records Defendant forcing the eldest child, who was seven years old, to masturbate Defendant and perform oral sex on Defendant. In the video, the child tells Defendant, "I don't want it in my mouth." But the Defendant coerces the child to perform oral sex on Defendant until he ejaculates into the child's mouth. The video was shot inside Defendant's car in May 2022. (PSR ¶ 13).

A third video shows Defendant directing the youngest child, then three years old, to perform oral sex on the two older children, who would have been five and seven at the time. Defendant then filmed himself touching the two older children's penises. The video appears to have been created on June 29, 2022. (PSR ¶ 13).

In addition to these videos, agents recovered numerous images of CSAM, including closeups of what appears to be a prepubescent male's penis and the youngest child's vagina. In some of the images, Defendant

4

is depicted attempting to penetrate the minor victim's vagina and anus. (PSR ¶¶ 13–14).

Following the recovery of these videos, the government obtained an additional federal search warrant to collect items seen in the videos from Defendant's residence. During the execution of that warrant on July 28, 2022, agents recovered a Jason Vorhees hockey mask and children's clothing from inside the residence, and a ball gag from the same shed where the black TCL phone had been recovered. (PSR ¶ 15). It was later determined that the hockey mask had been part of one of the victim's Halloween costume. (PSR ¶ 16). The two older children later disclosed Defendant's sexual abuse in forensic interviews. (*Id.*).

DHS agents arrested Defendant the same day that they recovered the black TCL cellphone. On August 2, 2022, a federal grand jury returned a ten-count indictment charging Defendant with multiple counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a), commission of a felony offenses involving a minor by a registered sex offender in violation of 18 U.S.C. § 2260A, and distribution and possession of child pornography in violation of 18 U.S.C. § 2252A(a). (PSR ¶¶ 1–4, 11). On April 10, 2024, Defendant

pleaded guilty, pursuant to a Rule 11 plea agreement, to three counts of sexual exploitation of the three minor children, and to one count of committing the sexual exploitation while a registered sex offender. (*Id.* ¶¶ 6–7). In its PSR, the Probation Department has calculated Defendant's aggregate guidelines range to be 1920 months' imprisonment. (*Id.* ¶¶ 98–100). Neither party has objected to that calculation.

II. **The Court should sentence Defendant to 1920 months' imprisonment.**

The factors to consider when fashioning a sentence are well established under 18 U.S.C. § 3553(a)(1). Here, the relevant Section 3553(a) factors favor a sentence at the top of the Guidelines. *See* 18 U.S.C. § 3553(a)(1).

A. **Nature and Circumstances of the Offense, Seriousness of the Offense**

Defendant Glenn Dennison committed one of the most serious and offensive crimes acknowledged by the law. He filmed himself violently and repeatedly sexually assaulting three minor children in his care and control. He did so while a registered sex offender for a prior violent rape. His victim's young ages—two through seven—underscore

6

the utter depravity of his acts. The harm he caused them will reverberate throughout their lives, and their relationships with each other will be forever marred by the abuse he inflicted on them and forced them to act on each other. He violated them when they were away from other caregivers, alone, vulnerable, and scared. He disregarded every essential principle of humanity, violating one child while wearing a Halloween mask that belonged to her older brother, his other victim. It is hard to fathom a more serious and reprehensible crime than Defendant's. Plainly, the serious nature and circumstances of his crime merits a very lengthy sentence.

### B. History and Characteristics of the Offender, Promoting Respect for the Law, Deterrence, and Protection of the Public

The Court also considers the history and characteristics of the defendant when fashioning a sentence.  *See* 18 U.S.C. § 3553(a)(1). Here, the most salient factor in Defendant's history is his 2010 conviction for second-degree criminal sexual conduct for which he was sentenced to prison. It was this offense that required Defendant to be a registered sex offender at the time of the instant offense.

7

As detailed in the PSR, Defendant's conviction arose from his violent rape of his underage relative. The teenaged victim disclosed to authorities that following a Fourth of July party, Defendant drove her away from others in a golf cart. Once they were isolated in some woods, Defendant attempted to kiss the victim, but she pushed him away and said no. Defendant responded by forcibly removing the victim from the golf cart, pulling her shorts off, pushing her forward over her seat, and forcibly inserting his penis into her vagina. The victim disclosed that Defendant raped her for about ten minutes. She had nightmares about the sexual assault in the aftermath. (PSR ¶ 59). Defendant pleaded guilty and was sentenced to imprisonment for one year, but he violated his terms of probation and parole and was later resentenced to additional periods of incarceration. (*Id.*).

Defendant had other convictions following this sex offense, including for failure to register as a sex offender and operating while intoxicated. In 2017, he was convicted of aggravated assault – domestic violence after he physically assaulted and strangled his roommate to the point where she could barely breathe. (PSR ¶¶ 60–63).

Defendant's criminal history demonstrates the danger he poses society. He repeatedly puts his interests above society to the great harm of anyone around him—from driving while intoxicated, failing to register as sex offender, and violently assaulting and sexually assaulting those close to him. Neither prison, nor registration as a sex offender, nor probation has deterred him. The public needs protection from Defendant, who cannot refrain from harm, including violently sexually assaulting children. Defendant has repeatedly violated the basic tenants of human decency, and a lengthy sentence—including as long as the rest of his life—is necessary to adequately protect the public, reflect the seriousness of his crimes against his victims, and provide just punishment to one who has repeatedly demonstrated that he cannot abide by the terms of civil society.

### III. CONCLUSION

In conclusion, the United States recommends a sentence of **1920 months'** imprisonment.

        Respectfully submitted,

        DAWN N. ISON
        UNITED STATES ATTORNEY

        *s/Diane N. Princ*
        Diane N. Princ
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, Michigan 48226
        (313) 226-9524
        Diane.Princ@usdoj.gov

Dated: September 16, 2024

## Certificate of Service

I hereby certify that on September 16, 2024, I electronically filed the Sentencing Memorandum for the United States with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to all counsel of record via electronic mail.

*s/Diane N. Princ*
Diane N. Princ
Assistant United States Attorney